NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TINA M. NOFFKE,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2019-2183

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-18-0540-I-1.

---

Decided: April 8, 2020

---

DARRIN WAYNE GIBBONS, Gibbons Law Firm PLC, Richmond, VA, for petitioner.

DOMENIQUE GRACE KIRCHNER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before DYK, SCHALL, and O'MALLEY, *Circuit Judges.*

DYK, *Circuit Judge*.

Tina M. Noffke seeks review of a decision from the Merit Systems Protection Board ("Board"). The Board affirmed the National Geospatial-Intelligence Agency's ("NGA") decision to remove Ms. Noffke from her position at the NGA for absence without leave ("AWOL"), falsification, and conduct unbecoming a federal employee. We *affirm*.

## BACKGROUND

Ms. Noffke was first employed by the agency in 1991. In her most recent position, she worked as a Budget Analyst in the NGA's St. Louis office. Ms. Noffke worked on a flexible schedule, as she often required time off to attend to personal matters.

All NGA employees are required to report their work hours through an electronic system. Each employee, prior to submitting time sheets, is provided with a notice that "[k]nowingly submitting an inaccurate time sheet is considered time reporting fraud and is subject to disciplinary action, including removal." J.A. 397. In addition, employees are required to swipe an access card and enter an access code to enter or exit NGA facilities. Each employee's entry and exit times are recorded by the NGA's Access Control Records ("ACRs"). The NGA's Office of Inspector General ("OIG") investigates discrepancies between an employee's logged work hours and the ACRs.

On February 13, 2018, the OIG interviewed Ms. Noffke and informed her that she was being investigated for a discrepancy between her reported work hours and her ACRs. At the interview, Ms. Noffke was provided with copies of OIG time and attendance analysis spreadsheets, which showed the discrepancies between her reported work hours and ACRs.

On May 3, 2018, the agency notified Ms. Noffke that it proposed to remove her from her position. The OIG attached a report ("the OIG report") to the notice, which

included the time and attendance analysis spreadsheets and a written *Douglas* factor analysis. *See Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 296–97 (1981) (setting forth the factors relevant in determining the appropriateness of a penalty). The notice included a detailed accounting of the hours that Ms. Noffke was AWOL (48 hours), the hours that Ms. Noffke was charged with falsifying (145.50 hours), and the hours as to which Ms. Noffke was charged with conduct unbecoming a federal employee (234.07 hours).[1] The notice provided Ms. Noffke with an opportunity to respond orally and in writing and placed her on paid administrative leave until the NGA reached its decision. On June 7, 2018, Ms. Noffke made an oral response to the agency's proposal.

On July 17, 2018, the agency issued a decision sustaining the charges. Ms. Noffke appealed to the Board. The administrative judge found that the agency had shown all of its charges by a preponderance of the evidence, and that the agency had satisfied due process by providing Ms. Noffke with notice, an opportunity to respond, and the evidence that the agency relied on in making its decision. Because Ms. Noffke did not seek review by the full Board, the decision of the administrative judge became the decision of the Board. Ms. Noffke filed this timely appeal, and we have jurisdiction under 28 U.S.C § 1295(a)(9).

---

[1]    The agency considers an employee to be AWOL if absent from the workplace for five or more hours without leave. A falsification is any instance where the employee falsely reported more than 20 work hours in a pay period in excess of his or her hours worked. A specification for conduct unbecoming a federal employee includes any instance where the employee falsely reported excess hours that were less than 20 hours in a pay period.

## DISCUSSION

Our review of Board decisions is limited by statute. We may only set aside Board decisions that are: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."    5 U.S.C. § 7703(c).

I

Ms. Noffke challenges the agency's charges for (1) falsification and (2) conduct unbecoming a federal employee. She argues that they lack the specificity required by due process because neither of the two charges alleges a specific date of misconduct. The charging document, however, specified the pay periods and number of hours for each of these charges, and the attached spreadsheets provided a detailed accounting of the exact dates and times that formed the basis of the agency's charges. We see no error in the Board's decision rejecting that argument. *See Pope v. United States Postal Serv.*, 114 F.3d 1144, 1148–49 (Fed. Cir. 1997) (rejecting appellant's argument that "his due process rights were violated because the charges lacked specificity regarding dates, times, and places" because "[t]he notice given to [the appellant was] quite detailed and clearly informed him of the charges as well as the evidence the [agency] had in support").

II

Ms. Noffke argues that the Board's decision was not supported by substantial evidence. Ms. Noffke asserts that the Board could not rely on the OIG report because it was not an original record and instead referred to other evidence gathered by the OIG.

The Administrative Procedure Act (APA) allows the agency to receive "any oral or documentary evidence," and only requires the agency to exclude "irrelevant,

immaterial, or unduly repetitious evidence." 5 U.S.C. § 556. "[I]t has long been settled that [hearsay] may be used in administrative proceedings and may be treated as substantial evidence, even without corroboration, if, to a reasonable mind, the circumstances are such as to lend it credence." *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1538 & n.2 (Fed. Cir. 1984) (collecting cases).

The OIG report, which had been supplied to Ms. Noffke, set forth ample evidence to sustain all three of the agency's charges. And the Board had discretion to admit the OIG report as evidence. *See Kewley v. HHS*, 153 F.3d 1357, 1364 (Fed. Cir. 1998). We conclude that the Board properly relied on the OIG report and that substantial evidence supported the Board's decision.[2]

### III

Ms. Noffke asserts that she was entitled to receive the evidence underlying the OIG report, "including, but not limited to attendance records, emails, witness statements, and computer record audits, and tape recordings of statements." Appellant's Br. 7. She argues that the failure to supply these documents when the agency was considering the charges was a violation of due process.

After her initial interview with OIG, Ms. Noffke made a request for these documents. The agency denied that request. Ms. Noffke was, however, provided with detailed spreadsheets at her interview, and the record shows that she left her interview with copies of the OIG time and attendance analysis spreadsheets. We conclude that the agency provided Ms. Noffke with sufficient notice,

---

[2]    There is no merit to Ms. Noffke's argument that the deciding official needed to rely on the evidence underlying the OIG report in the pre-termination proceedings. There is no bar to the deciding official's relying on summary documents.

including "an explanation of [its] evidence" to satisfy her due process rights and the NGA's regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); 5 C.F.R § 752.404(b)(1); *see generally* NGA Manual for Disciplinary and Adverse Actions, Number 1455.1 (Feb. 19, 2015). We note that Ms. Noffke never sought discovery of those materials in the Board proceedings.

## AFFIRMED